DIXON, Justice.
Defendant was tried under an indictment charging him with murder (R.S. 14:30) and convicted of manslaughter. He was sentenced to serve twenty-one years at hard labor and appeals, relying on one perfected bill of exceptions.
Defendant reserved his only bill of exceptions when the trial court denied his pro se motion for a new trial. In the motion defendant alleged that he was denied his constitutional rights to confrontation and cross-examination of a witness against him when the court appointed counsel, by stipulation, allowed submission of the coroner’s autopsy report to establish cause of death of the victim in lieu of having the coroner testify personally and submit to cross-examination.
Defendant was not prejudiced by failure of the coroner to testify as to the cause of death. Eyewitness testimony established that defendant drew a gun and shot the victim after an argument concerning a card game. Ballistics established that a gun connected to the defendant fired the pellet recovered from the body of the victim.
The defendant asks us to upset a conviction because he now disagrees with one of the many tactical decisions of his lawyer.
A lawyer appointed to assist a defendant is not required to make every possible objection in a trial. An untrained, unskilled person could do that. Objections whose only result will be to slow down the trial and delay the judicial process cannot usually assist the defendant. The lawyer’s function is to assure a fair trial for the defendant under the law, not to raise every conceivable obj ection.
The ruling of the trial court was correct. This bill lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.